UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

COREY FRANZINI, *on behalf of Plaintiff and a class*,

                                                                Plaintiff,

-against-

BISSELL HOME CARE, INC.,

                                                                Defendant.

------------------------------------------------------------------------X

**For Online Publication Only**

**MEMORANDUM & ORDER**
23-CV-02985 (JMA) (LGD)

**AZRACK, United States District Judge:**

       Presently before the Court is the motion by Defendant Bissell Home Care, Inc. ("Defendant" or "Bissell") to dismiss the Amended Complaint for failure to state a claim, and Magistrate Judge Lee G. Dunst's July 10, 2024, Report and Recommendation ("R&R") that the Court grant dismissal for lack of subject matter jurisdiction. (See R&R, ECF No. 30; Def.'s Mot. Dismiss, ECF No. 21; Am. Compl., ECF No. 14.) For the reasons explained below, the Court ADOPTS the R&R's conclusion that the Complaint must be dismissed for lack of jurisdiction.

### I.    BACKGROUND

**A.**    **Facts**

       In January 2023, Plaintiff purchased a Bissell CrossWave 1785 series floor cleaner (the "Device"). (Am. Compl., ECF No. 14 ¶ 9.) The Device was accompanied by a user guide that contained a warranty. (Id. ¶ 10.) The warranty stated that "[d]amage or malfunction caused by any other use not in accordance with the user guide is not covered." (Id. ¶ 11 (ellipsis removed).) The remainder of the user guide defined "use not in accordance with the user guide" to include any use of non-Bissell cleaning products. (Id. ¶ 12.) That is, the user guide states (a) "Use only BISSELL cleaning formulas intended for use with this appliance to prevent internal component damage," (b) "WARNING To reduce the risk of fire and electric shock due to internal component damage, use only BISSELL cleaning formulas intended for use with the hard floor device," and (c) "Always

use CrossWave, formulas in your machine. Other formulas may harm the machine and void the warranty." (Id. (internal quotation marks omitted).) Plaintiff contends that, contrary to those portions of the user guide, non-Bissell replacement fluids would not damage the Device. (Id. ¶ 18.) Plaintiff also insists that "[n]on-Bissell fluids are cheaper." (Id. ¶ 19.) Notably, potential purchasers of the Device can see the warranty page from the user guide but cannot see that, in full, the user guide conditions the warranty on using Bissell cleaning fluid. (See id. ¶ 13.)

In February 2023, Plaintiff purchased Bissell replacement fluid for the Device instead of non-Bissell fluid "to avoid difficulties in obtaining warranty service." (Id. ¶ 14.) Plaintiff "would like to use cheaper non-Bissell replacement fluid and would do so but for Bissell's statements about voiding the warranty." (Id. ¶ 15.)

**B.    Procedural History**

Plaintiff filed the Amended Complaint asserting on behalf of a putative class of similarly situated individuals that Defendant violated (1) the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2302(c), and the implementing regulation of that provision, 16 C.F.R. § 700.10, by conditioning the Device warranty on using Bissell cleaning fluids, and (2) violated New York General Business Law ("GBL") § 349 by falsely stating in the user guide that non-Bissell cleaning fluids would damage the Device. (See generally, ECF No. 14.) Without specifying how jurisdiction applies to its particular claims, the Amended Complaint contends that the Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and supplemental jurisdiction under 28 U.S.C. § 1367. (ECF No. 14 ¶ 2.)

Defendant moved to dismiss the Amended Complaint for failure to state a claim; Plaintiff opposed the motion. (ECF No. 21.) After the Court referred the motion to Judge Dunst for a report and recommendation, Judge Dunst directed the parties to file supplemental letter briefs regarding

2

"whether [CAFA] provides an alternative basis for federal jurisdiction over [MMWA] claims, or whether the MMWA's more stringent federal jurisdictional requirements must always be met." (June 4, 2024, Order (citations omitted)); accord Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). The parties filed their letter briefs as directed. (ECF Nos. 27-28.)

Judge Dunst then issued the R&R, which determined that "the Court does not have jurisdiction over Plaintiff's MMWA claims" and "Plaintiff does not have standing" to maintain the NYGBL claim. (R&R, ECF No. 30 at 10-11.) Plaintiff timely objected to the R&R. (ECF No. 31.) Defendant neither objected to the R&R nor responded to Plaintiff's objection.

## II.     LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see FED. R. CIV. P. 72(b)(3) (similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." Cooper v. Harris, 581 U.S. 285, 309 (2017) (internal quotation marks omitted). Additionally, "the district court 'will not consider new arguments raised in objections

to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186-87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)).

In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Relatedly, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted); see Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).

### III.   DISCUSSION

**A.   Standing for the GBL Claim**

Plaintiff must have standing to invoke this court's jurisdiction. E.g., TransUnion LLC v. Ramirez, 594 U.S. 413, 430-31 (2021). To establish standing, Plaintiff must demonstrate that (1) he suffered or likely will suffer an injury in fact, (2) the injury likely was caused or will be caused by the Defendant, and (3) the injury likely would be redressed by the requested judicial relief. E.g., FDA v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024). The R&R held that the Amended Complaint's allegations that Plaintiff overpaid when he purchased Bissell fluid are insufficient to support the requisite injury in fact for standing to maintain the GBL claim. (See ECF No. 30 at 13-14.) Specifically,

> Plaintiff's sole allegations on this point are two conclusory paragraphs claiming that Plaintiff would have preferred to purchase "cheaper non-Bissell replacement fluids" instead of Bissell replacements. ECF No. 14 ¶¶ 14-15. Plaintiff, however, does not state how much he paid for Bissell fluids, nor does he allege what the price difference between Bissell fluids and competitors are.

4

(ECF No. 30 at 14.)

Plaintiff asserts that the R&R applied the incorrect standard for this stage of the case by requiring Plaintiff to "demonstrate" rather than plead facts to confer standing. (ECF No. 31 at 6-7.) This argument has no merit. "To have Article III standing to sue in federal court, plaintiffs must <u>demonstrate</u>, among other things, that they suffered a concrete harm," i.e. an injury in fact. <u>TransUnion</u>, 594 U.S. at 417 (emphasis added). Hence, courts routinely analyze standing in terms of what plaintiffs must "demonstrate" to bring and maintain a lawsuit in federal court. <u>E.g.</u>, <u>FDA</u>, 602 U.S. at 380; <u>Ariz. Christian Sch. Tuition Org. v. Winn</u>, 563 U.S. 125, 129 (2011); <u>Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge</u>, 98 F.4th 386, 394 (2d Cir. 2024).

Plaintiff contends that he satisfied the rule that "general factual allegations of injury resulting from the defendant's conduct may suffice" to demonstrate injury in fact. (ECF No. 31 at 7 (quoting <u>John v. Whole Foods Mkt. Grp., Inc.</u>, 858 F.3d 732, 736 (2d Cir. 2017)).) Relatedly, Plaintiff insists that this case is like the case that the Second Circuit addressed in <u>John</u>. (<u>Id.</u>) The Court disagrees. The <u>John</u> plaintiff established standing to maintain his GBL claims by alleging both that he regularly purchased certain of the defendant's products, and that the defendant "mislabeled and overpriced" those products—as described in an investigation report referenced in and attached to the complaint. 858 F.3d at 737. "<u>John</u> does not relax the foundational requirement that all reasonable inferences <u>drawn from pleaded facts</u> must be plausible." <u>Kell v. Lily's Sweets, LLC</u>, No. 23-CV-0147, 2024 WL 1116651, at *5 (S.D.N.Y. Mar. 13, 2024) (emphasis added); <u>see Lurenz v. Coca-Cola Co.</u>, No. 22-CV-10941, 2024 WL 2943834, at *3 (S.D.N.Y. June 10, 2024) (same). Consequently, "district courts following <u>John</u>" regularly conclude that insufficient factual allegations fail to confer standing. <u>Kell</u>, 2024 WL 1116651, at *5 (collecting cases); <u>see Lurenz</u>, 2024 WL 2943834, at *3.

5

"The facts of this case are readily distinguishable from those faced by the Second Circuit in [John]." Molinari v. Equifax Inc., No. 18-CV-3282, 2022 WL 318001, at *3 (E.D.N.Y. Feb. 2, 2022). The Amended Complaint neither quantifies the supposed price difference between Bissell and non-Bissell fluids nor references or attaches (like the John complaint) supporting evidence; the price difference allegations are conclusory.[1] (See ECF No. 14 ¶¶ 14-15, 19.) Plaintiff's instant objections confirm this conclusion. Plaintiff recounts that he attached to the Amended Complaint materials showing prices for the non-Bissell fluids (Am. Compl. Exs. F-H, ECF No. 1-1 at 53-89) but acknowledges that he summarily "allege[d] that [those] competitive consumables are cheaper" than Bissell fluids. (ECF No. 31 at 7-8.) Plaintiff also argues that "[b]asic economics"—rather than any factual allegations in the Amended Complaint—render it plausible that the non-Bissell fluids are cheaper than Bissell fluids. (Id. at 8.) Ultimately, for the reasons set forth in the R&R, the Court concludes that Plaintiff failed to plead sufficient facts to confer standing for his GBL claim. (ECF No. 30 at 13-14); see Baur v. Veneman, 352 F.3d 625, 636-37 (2d Cir. 2003) ("[A] plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing."); see also Do No Harm v. Pfizer Inc., 96 F.4th 106, 128 (2d Cir. 2024) (holding that certain "conclusory statements" were insufficient to confer standing).

**B.      Supplemental Jurisdiction Over the MMWA Claim**

The R&R declined to adopt Plaintiff's argument that the Court could exercise supplemental jurisdiction over the MMWA claim after exercising CAFA jurisdiction over the GBL claim. (See ECF No. 30 at 11-12.) The R&R reasoned that Plaintiff's lack of standing to maintain the GBL

---

[1] For this reason, Plaintiff's citation in his R&R objection to Jia Wang Lin v. Canada Goose US, Inc., 640 F. Supp. 3d 349 (S.D.N.Y. 2022) is misplaced. (See ECF No. 31 at 7.) The plaintiff in Canada Goose pled the price he paid for the relevant products and the extent to which that amount included an unlawful premium. See 640 F. Supp. 3d at 355, 358 (recounting that plaintiff alleged he paid approximately $1,050.00 for each jacket and that pricing reflected an $800.00 premium from false advertising).

6

claim precluded the supplemental jurisdiction Plaintiff sought. (See id. at 11-14; see also id. at 11 ("The jurisdictional gymnastics suggested by Plaintiff run counter to the typical situation, where original jurisdiction exists over federal claims, and supplemental jurisdiction then applies to any state law claims.").) Plaintiff contends this analysis was erroneous because he has standing to maintain the GBL claim. (ECF No. 31 at 9-10.) But as explained above, the Court reaches the contrary conclusion. Accordingly, Plaintiff's argument for maintaining the MMWA claim through supplemental jurisdiction fails.

**C.    CAFA Jurisdiction Over the MMWA Claim**

The R&R determined, after a thorough analysis of the relevant statutes and the "sharp disagreement" among the courts that similarly confronted the issue, that CAFA does not provide a workaround to MMWA's explicit jurisdictional requirements in 15 U.S.C. § 2310(d) for asserting MMWA claims in federal court. (ECF No. 30 at 4-11); accord Rowland v. Bissell Homecare, Inc., 73 F.4th 177, 183-85 (3d Cir. 2023); Floyd v. Am. Honda Motor Co., Inc., 966 F.3d 1027, 1032-35 (9th Cir. 2020).

Plaintiff objects to that conclusion by reasserting the arguments he already advanced. (Compare ECF No. 27, with ECF No. 31 at 10-18.) "[T]he Second Circuit has suggested that clear error review is appropriate if a party's objection to a magistrate judge's report and recommendation repeats arguments already presented to and considered by the magistrate judge." Grp. One Ltd. v. Gmbh, 625 F. Supp. 3d 28, 52 (E.D.N.Y. 2022) (citing Mario v. P & C Food Mkts., 313 F.3d 758, 766 (2d Cir. 2002)). Thus, "a report should be reviewed only for clear error when a party simply reiterates his original arguments." United States ex rel. CKD Project, LLC v. Fresenius Med. Care Holdings, 551 F. Supp. 3d 27, 31 (E.D.N.Y. 2021) (internal quotation marks omitted); see N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018)

7

("The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." (internal quotation marks omitted)). The Court finds no clear error in the R&R's reasoning and conclusion. Moreover, out of an abundance of caution, the Court conducted a de novo review of the full record and applicable law. After doing so, the Court agrees with Judge Dunst that, for the reasons set forth in the R&R, CAFA does not provide jurisdiction for MMWA claims in federal court. (ECF No. 30 at 4-11); accord Rowland, 73 F.4th at 183-85; Floyd, 966 F.3d at 1032-35; see also Ghaznavi v. De Longhi Am., Inc., No. 22-CV-1871, 2023 WL 4931610, at *9 (S.D.N.Y. Aug. 2, 2023) (explaining why "CAFA does not provide a workaround to the MMWA's federal jurisdictional requirements" and recognizing that the "trend has shifted" toward this view).

### D. Dismissal Without Leave to Amend

As explained above, the R&R concluded that the Court lacks jurisdiction over Plaintiff's claims. Dismissal on this ground "must be without prejudice, rather than with prejudice." Green v. Dep't of Educ. of N.Y., 16 F.4th 1070, 1074 (2d Cir. 2021) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54 (2d Cir. 2016)); see Faculty Alumni, & Students Opposed to Racial Preferences v. N.Y. Univ., 11 F.4th 68, 78 (2d Cir. 2021). Plaintiff argues the R&R erred by recommending that his claims be dismissed with prejudice. (ECF No. 31 at 1.) But the R&R is more accurately read to recommend dismissal without prejudice and without leave to amend in federal court. Indeed, the R&R twice states that Plaintiff may bring his claims in state court. (ECF No. 30 at 10, 16.) The Court therefore construes the R&R as recommending that Plaintiff's claims be dismissed without prejudice and without leave to amend. See Harty v. W. Point Realty, Inc., 28 F.4th 435, 445 (2d Cir. 2022) (affirming such a dismissal for lack of jurisdiction and explaining how that result differs from a dismissal with prejudice).

Plaintiff did not request leave to amend in his opposition brief or his supplemental letter brief (see ECF Nos. 21-4, 27)—despite being on notice of the deficiencies for which the R&R recommended dismissal.  (See ECF No. 21-1 at 11-14 (arguing that "Plaintiff has not articulated any injury" to support his GBL claim); June 4, 2024, Order (directing the parties to address whether CAFA provides jurisdiction over MMWA claims).)  That Plaintiff could have sought, but did not seek, leave to amend precludes him from arguing for it now.  See, e.g., Fossil Grp., Inc., 627 F. Supp. 3d at 190; Gladden, 394 F. Supp. 3d at 480; Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 51-52 (E.D.N.Y. 2015).  Defendants' argument for leave to amend "may not be deemed [an] objection[] at all."  Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal quotation marks omitted).  Accordingly, the Court agrees with the R&R's conclusion that leave to amend should not be granted.  See Hu v. City of New York, 927 F.3d 81, 107 (2d Cir. 2019) (affirming denial of leave to amend because amendment was not properly requested); Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) (same).

## IV.   CONCLUSION

The Court agrees with and adopts Judge Dunst's analysis and recommendations set forth in the thorough and well-reasoned R&R.  Accordingly, the Amended Complaint is dismissed without prejudice and without leave to amend.  The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:   August 12, 2024
          Central Islip, New York

                                                           (/s/ JMA)
                                         JOAN M. AZRACK
                               UNITED STATES DISTRICT JUDGE